# 14-2299-cv

## United States Court of Appeals

*for the*

## Second Circuit

CONSTANCE HINES, MARSHAY HINES,

*Plaintiffs-Appellees,*

– v. –

CITY OF ALBANY, JAMES W. TUFFEY, Albany Chief of Police, BRIAN
QUINN, Albany Police Officer, JEFF ROBERTS, MICHAEL HAGGERTY,
Albany Police Officer,

*Defendants-Appellants,*

ALBANY POLICE DEPARTMENT, JOHN MONTE, Albany Police Officer,
ALFRED MARTIN, Albany Police Officer, BRIAN PLANTE, Albany Police
Officer, ROBERT MULLIGAN, Albany Police Officer, ROBERT SHUNCK,
Albany Police Officer, STEVEN KROKOFF, Albany Assistant Chief of Police,
JEFFREY HYDE, TIM HAGGERTY, Albany Police Officer,

*Defendants.*

_____

ON APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF NEW YORK

## BRIEF FOR DEFENDANTS-APPELLANTS

REHFUSS, LIGUORI & ASSOCIATES, P.C.
40 British American Boulevard
Latham, New York 12110
(518) 713-2144

*Attorneys for Defendants-Appellants*

# TABLE OF CONTENTS

**Page**

Table of Authorities………………………………………………...ii-iii

Preliminary Statement………………………………………………….1

Statement of Facts…………………………………………………...1

Point I…………………………………………………………………7

Plaintiffs are not Entitled to Attorney's Fees
Because they are not the Prevailing Party……………………..7

Point II………………………………………………………………10

Defendants are the Prevailing Party…………………………….10

Point III……………………………………………………………...12

If the Court Should find that Constance Hines was a
Prevailing Party Under §1988, then the Plaintiffs'
Request for Attorney's Fees Should be Denied………………12

Point IV……………………………………………………………...13

If the Court Decides to Award the Plaintiffs Attorney's
Fees, the Amount Requested Should be Greatly
Diminished in Order to Prevent Significant Injustice………...13

Point V……………………………………………………………….17

Work Performed by the Plaintiffs was Duplicative…………..17

Point VI……………………………………………………………...19

Plaintiffs' Billing Records are Inaccurate and
Indecipherable…………………………………………………...19

Conclusion…………………………………………………………..21

i

# TABLE OF AUTHORITIES

**Cases**                                                       **Page**

Barfield v. N.Y. City Health and Hosps. Corp., 537 F.3d 132,
152 (2d Cir. 2008)………………………………………………………14

Christiansburg Garment Co. v. Equal Employment Opportunity
Comm'n, 434 U.S. 412, 421-22 (U.S. 1978)………………………...10-11

Clute v. Schmidt, 1991 U.S. Dist. LEXIS 21641, 11
(N.D.N.Y June 14, 1991)………………………………………………15-16

Delancett v. Village of Saranac Lake, 986 F. Supp. 126, 128
(N.D.N.Y 1997)………………………………………………………10

Della Pietra v. New York State Organized Crime Task Force,
630 F. Supp. 986, 988 (W.D.N.Y. 1986)………………………………10

Electronic Creations Corp v. Gigahertz, Inc., 2013 U.S. Dist. LEXIS
88805, 21 (N.D.N.Y. June 25, 2013)…………………………………...19

Farrar v. Hobby, 506 U.S. 103, 114-15, 122 (1992)……………………12-13

Grochowski v. Ajet Constr. Corp., 2002 U.S. Dist. LEXIS 5031
(S.D.N.Y. Mar. 27, 2002)………………………………………………15

Hop Wah v. Coughlin, 1993 U.S. Dist. LEXIS 5443, 3, 5-6
(N.D.N.Y Apr. 23, 1993)………………………………………………12-13

Hudson & Manhattan Railroad Co., 339 F.2d 114, 115 (2d Cir. 1964)……20

Jimico Enterprises, Inc., and Brownson Enterprises, Inc., v. Lehigh Gas
Corporation, 2011 U.S. Dist. LEXIS 112514, 33
(N.D.N.Y. Sep. 30, 2011)......................................................................17

JWJ Indus. v. Oswego County, 2013 U.S. Dist. LEXIS 29594, 4, 10
(N.D.N.Y Mar. 4, 2013)………………………………………………12, 20

ii

**Page**

Kauffman v. Maxim Healthcare Servs., 2008 U.S. Dist. LEXIS 77855
(E.D.N.Y. Sept. 9, 2008)…………………………………………..17

LeBlanc-Sternberg v. Fletcher, 143 F.3d 748, 761-62
(2d Cir. 1998)………………………………………………………...15

New York State Assn' for Retarded Children, Inc. v. Carey, 711 F.2d
1136, 1148 (2d Cir. 1983)…………………………………………...20

Quaratino v. Tiffany & Co., 166 F.3d 422, 425
(2d Cir. N.Y. 1999)………………………………………….......15

Robinson v. City of New York, 2009 U.S. Dist. LEXIS 89981
(S.D.N.Y. Sept. 29, 2009)………………………………………….14

Tatum v. City of New York, 2010 U.S. Dist. LEXIS 7748
(S.D.N.Y. Jan. 28, 2010)…………………………………………14-15

Tex. State Teachers Ass'n v. Garland Indep. Sch. Dist., 489 U.S. 782,
789, 792 (U.S. 1989)……………………………………………..8

United States ex rel. Karlin v. Noble Jewelry Holdings Ltd., 2012
U.S. Dist. LEXIS 51675, 12-14 (S.D.N.Y. Apr. 9, 2012)………………21

**Statutes**

42 U.S. Code §1983……………………………………………….3, 6

42 U.S. Code §1988……………………………………………….10-11

**Appendix**

iii

## PRELIMINARY STATEMENT

The Defendants-Appellants, City of Albany, Albany Chief of Police James W. Tuffey, Albany Police Officer Brian Quinn, Albany Police Officer Jeff Roberts and Albany Police Officer Michael Haggerty, by and through their attorneys, Rehfuss, Liguori & Associates, P.C., of counsel to John J. Reilly, Jr., Esq., Corporation Counsel for the City of Albany, New York, as and for a Brief in support of their appeal to set aside the lower court's Decision and Order, dated June 5, 2014 (R. 276), awarding the Plaintiffs-Appellee's attorney's fees, costs and disbursements in the amount of $133,766.37, set forth as follows:

## STATEMENT OF FACTS

The Plaintiffs-Appellees, Constance Hines and Marshay Hines, brought this action alleging violations of the Fourth, Fifth and Fourteenth Amendments relating to their detention during the application for, receipt and execution of, a search warrant in connection with an arrest warrant that had been obtained for Prince Hines, their son/brother. (R. 35)  In addition, the Plaintiff-Appellee, Constance Hines, brought a Fourth, Fifth and Fourteenth Amendment claim, alleging her rights to due process were violated arising out of the seizure and retention of her 2000 Cadillac Escalade, which was involved in a drug investigation involving said Plaintiff's son, Prince Hines. (R. 35) Prince Hines resided with the Plaintiff and was a known drug dealer in the area. Prince Hines was alleged to have committed

1

drug-related felonies and felonious criminal conspiracy from his activity that he conducted from Constance Hines' vehicle. (R. 234)

In or around September 2005, the Office of the Attorney General (the "OAG"), led a multi-agency investigation and prosecution with the assistance of the NYS Police and the Albany Police Department (the "APD"). (R. 234) The investigation focused on the distribution and sale of illegal narcotics by various persons, including Prince Hines, in the Albany County area. (R. 235)  During all times in which this joint task force, comprised of various law enforcement agencies, was in effect, the APD followed the directive of the OAG, as the investigation was led by the OAG. (R. 235) The investigation focused on approximately fifteen (15) individuals who were allegedly connected with drug activity in the County of Albany, New York. In addition to the arrest warrants for these individuals obtained by the OAG, the OAG presented a list of vehicles that were to be confiscated during the arrests and held as arrest evidence for use by the OAG in the criminal prosecutions. (R. 235)

The APD was designated as the arresting agency for, among others, Prince Hines. The APD executed the arrest warrant of Prince Hines. (R. 235) The OAG had directed that certain vehicles be seized, including Constance Hines' 2000 Cadillac Escalade, a vehicle which was alleged to have been used in several drug sales by Prince Hines. (R. 234) Constance Hines requested the return of her vehicle

from the APD, but the APD was directed by the OAG to hold it as evidence in the pending criminal matter. The APD was in constant contact by telephone with Constance Hines, which consisted of repeated phone calls between Michael Haggerty and Constance Hines regarding the return of her vehicle. The APD consistently informed Constance Hines that the OAG was requiring the APD to hold the vehicle. As soon as the APD was notified by the OAG that the vehicle could be released, Constance Hines was contacted and she retrieved her vehicle on the same day. (R. 235)

The Plaintiffs brought a §1983 cause of action and have been represented by both Cooper Erving & Savage, LLP ("CES") and Attorney Thomas Marcelle ("Marcelle"). The OAG was not named in this suit because New York State cannot be held liable for federal damages. (R. 235) The Plaintiffs brought ninety-one (91) separate causes of action, of which the Plaintiffs did not succeed on any significant issues in litigation. (R. 11; R. 207; R. 235) The Plaintiffs' First Cause of Action alleged fifty-two (52) separate causes of action as it was brought by both Constance Hines and Marshay Hines against thirteen (13) Defendants, and alleged violations of their Fourth Amendment and Fourteenth Amendment rights (2 Plaintiffs x 13 Defendants x 2 separate causes of action = 52 separate and distinct claims). (R. 35) The Plaintiffs claimed a deprivation of their constitutional rights arising out of the execution of the arrest warrant, the force used in executing the

3

arrest warrant, the duration of their detention, as well as the force used during their detention. (R. 35)

The Plaintiffs' Second Claim alleged thirty-nine (39) separate causes of action as it was brought by Constance Hines, was against thirteen (13) Defendants, and alleged violations of her Fourth Amendment, Fifth Amendment and Fourteenth Amendment rights (1 Plaintiff x 13 Defendants x 3 separate claims = 39 separate and distinct claims). The Plaintiff claimed a deprivation of her constitutional rights in the taking of her Escalade, the duration of the taking and, separate and distinct from all of her other claims, whether or not she was entitled to a hearing on the retention of her vehicle during the pendency of the criminal proceedings. (R. 35; R. 236)

The Plaintiffs demanded awards amounting to $500,000.00 for claims relating to their claims of excessive force and detention and $250,000.00 for the claims arising out of the seizure of Constance Hines' vehicle. (R. 35; R. 236)

The majority, if not all of the discovery in this matter, involved the issues relating to the detention, length of detention and use of force during the Plaintiffs' detention and there was literally no discovery conducted, either by deposition, interrogatory or document demand, on the issue of whether or not the Plaintiff, Constance Hines, was afforded or should have been afforded a hearing on the issue of detaining her vehicle. (R. 52; R. 206)

Following the Court's Decision on the Motions for Summary Judgment (R. 55), the parties reached a settlement agreement, wherein the Plaintiffs' First Cause of Action was discontinued with prejudice and all of the Plaintiffs' other claims were discontinued with prejudice except for one discreet issue of law … whether or not the Plaintiff should have been afforded a hearing on the detention of her vehicle during the pendency of the criminal matter. (R. 92) A conditional stipulated sum of damages in the nominal amount of $10,000.00, pending an appeal to the Second Circuit, was agreed to in order to avoid the time and cost associated with trial. (R. 206) On appeal, there was only one remaining discreet issue of law for one Plaintiff that was presented to the U.S. Court of Appeals for the Second Circuit, namely, was the Plaintiff, Constance Hines, entitled to and did she receive a hearing. (R. 206)

Between the Court's ruling on the Motions for Summary Judgment and the stipulation discontinuing the First Cause of Action, and all but one issue of law contained in the Second Cause of Action, of the ninety-one (91) separate claims and causes of action brought by the Plaintiffs, ninety (90) of the claims were either dismissed or discontinued. (R. 55; R. 92)  All of the claims brought by the Plaintiff, Marshay Hines, were either dismissed or subsequently discontinued with prejudice and the only claim of Plaintiff, Constance Hines, that survived was a discreet issue of law under the Fifth Amendment of whether or not she was entitled

to a hearing after her vehicle was seized. (The vehicle in question, a Cadillac Escalade, was ultimately returned on July 10, 2007.) (R. 236) Each and every other claim was dismissed or discontinued with prejudice. (R. 55) Most, if not all, of the discovery that took place in this case involved these ninety (90) claims involving the Plaintiffs' physical detention, the force used during the detention and the duration of the detention that were either dismissed by the Court, or were subsequently, discontinued with prejudice by the Plaintiffs. (R. 236-237)

Plaintiffs' counsel, who collaboratively represented the Plaintiffs in this §1983 cause of action, submitted a petition for costs and attorney's fees. (R. 15; R. 16; R. 169; R. 175; R. 176) The Plaintiffs sought the outrageous total of **$213,395.00** in attorney's fees for work allegedly undertaken in connection with the underlying cause of action and the subsequent appeal. (R. 15; R. 16; R. 169; R. 175; R. 176)

By Decision and Order, dated June 5, 2014, the Hon. Glenn T. Suddaby reviewed the Plaintiffs-Appellees' application for attorney's fees, as well as the Defendants-Appellants' opposition. (R. 294) The court below found that, despite the fact that the Defendants had prevailed on ninety (90) out of the ninety-one (91) causes of action, put forward by the Plaintiffs, that the Plaintiffs were the prevailing party and that the sole issue upon which the Plaintiffs prevailed was inextricably intertwined with the ninety (90) claims that were either dismissed or

discontinued with prejudice. The court went on to state that the hours requested by Plaintiffs' counsel were not reasonable and, for various reasons, reduced the hours by a blanket thirty percent (30%). (R. 294)

For the reasons set forth below, the Defendants-Appellants respectfully submit that the Plaintiffs-Appellees, who had ninety (90) of their ninety-one (91) claims dismissed or discontinued, are not the prevailing party in this action and therefore, are not entitled to an award of attorney's fees. The Defendants should be named the prevailing party, as they were successful in dismissing or discontinuing ninety (90) out of ninety-one (91) of the Plaintiffs' claims. Even if the Court finds that the Plaintiffs are the prevailing party, the requested fees should be denied, or, in the alternative, greatly diminished by the fact that all but one (1) discreet question of law, upon which there was no discovery, were dismissed or discontinued with prejudice, and even for that claim, the award was exceedingly nominal. Additionally, Plaintiffs' application must be reduced for duplicative work, as well as for inaccurate and indecipherable time records.

## POINT I

### PLAINTIFFS ARE NOT ENTITLED TO ATTORNEY'S FEES BECAUSE THEY ARE NOT THE PREVAILING PARTY

In order for a fee award to be granted in favor of the plaintiff, the plaintiff must have "crossed the statutory threshold" of prevailing party status and the resolution of the dispute must change the legal relationship between itself and the

7

defendant. <u>Tex. State Teachers Ass'n v. Garland Indep. Sch. Dist.</u>, 489 U.S. 782, 789 (U.S. 1989). The Supreme Court of the United States has held that in order for the Plaintiff to cross this threshold and be considered the prevailing party they must receive some relief on the merits of the claim and succeed on a significant issue in litigation. <u>Id.</u> at 792. It has also been held that, "where the plaintiff's success on a legal claim can be characterized as purely technical or *de minimis*, a district court would be justified in concluding that it is so insignificant that it is insufficient to support prevailing party status. <u>Id.</u>

Here, the Plaintiffs are not entitled to an award of attorney's fees because the Plaintiffs do not meet the requirements that are necessary to be considered the prevailing party. Plaintiffs brought ninety-one (91) separate causes of action, of which ninety (90) were either dismissed or discontinued with prejudice. (R. 55; R. 92)

The Plaintiffs' First Cause of Action alleged fifty-two (52) separate causes of action as it was brought by two (2) Plaintiffs against thirteen (13) Defendants, and alleged violations of both the Fourth Amendment and Fourteenth Amendment. The Plaintiffs claimed a deprivation of their constitutional rights arising out of the execution of the arrest warrant, the force used in executing the arrest warrant, the duration of their detention, as well as the force used during their detention. (R. 35)

The Plaintiffs' Second Cause of Action alleged thirty-nine (39) separate causes of action as it was brought by one (1) Plaintiff against thirteen (13) Defendants, and alleged violations of the Fourth Amendment, Fifth Amendment and Fourteenth Amendment. (R. 35) The Plaintiff claimed a deprivation of her constitutional rights in the taking of her Escalade, the duration of the taking, and separate and distinct from all of her other claims, whether or not she was entitled to a hearing on the retention of her vehicle during the pendency of the criminal proceedings. (R. 35)

All twenty-six (26) claims brought by the Plaintiff, Marshay Hines, were either dismissed or discontinued with prejudice. (R. 55; R. 92) Of the sixty-five (65) claims brought by the Plaintiff, Constance Hines, only one (1) survived the Motion for Summary Judgment and discontinuance, a singular and discreet issue of law, of whether or not she was entitled to a hearing while her car was being detained during the pendency of the criminal charges. (R. 92; R. 236) Because this legal claim was purely technical, and there were no questions of fact, it could have been adjudicated at the outset of the case or even by the filing of an Article 78 petition in Court.

The majority, if not all of the discovery in this matter, involved the issues relating to the detention and use of force during the Plaintiff's detention and there was literally no discovery conducted, either by deposition, interrogatory or

document demand, on the issue of whether or not the Plaintiff, Constance Hines, was afforded or should have been afforded a hearing on the issue of detaining her vehicle. (R. 52; R. 206)

This litigation did not result in the formation of any new law or policy and Constance Hines agreed to accept the meager sum of $10,000.00 in full settlement of all damages claims that she brought against the Defendants. (R. 206; R. 239) Furthermore, the resolution of this action did not change the legal relationship between the Plaintiffs and the Defendants, which further supports the conclusion that the Plaintiffs cannot be considered the prevailing party in this action.

## POINT II

### DEFENDANTS ARE THE PREVAILING PARTY

Section 1988 makes no distinction for how fees should be awarded between prevailing plaintiffs and prevailing defendants. Delancett v. Village of Saranac Lake, 986 F. Supp. 126, 128 (N.D.N.Y 1997). It has been held that attorney's fees can be awarded to a prevailing defendant when the plaintiffs claims were "frivolous, unreasonable, or without foundation." Christiansburg Garment Co. v. Equal Employment Opportunity Comm'n, 434 U.S. 412, 421 (U.S. 1978). Furthermore, a defendant is considered prevailing if the plaintiff continues to litigate after it is clear that the claims are frivolous, unreasonable, or without foundation even though not brought in subjective bad faith. Della Pietra v. New

York State Organized Crime Task Force, 630 F. Supp. 986, 988 (W.D.N.Y. 1986) quoting Christiansburg Garment Co.434 U.S. 412, 422 (U.S. 1978).

Here, the Defendants were successful in prevailing on ninety (90) of the ninety-one (91) separate claims. (R. 55) The Defendants were successful in getting all of the Plaintiff, Marshay Hines', claims dismissed, and sixty four (64) of the sixty five (65) claims brought by the Plaintiff, Constance Hines, dismissed or discontinued, except for one insignificant and discreet issue of law. (R. 55) Ultimately, and in reality, the Defendants were the prevailing party. Moreover, the Plaintiffs knew or should have known that their allegations as to many of the Defendants named in this action were without evidentiary foundation. Furthermore, the Plaintiffs continued to bring their claims after it was clear during discovery that evidence was lacking in regards to many of the police officers named in this action. The dismissal and discontinuance with prejudice of nearly all of the Plaintiffs' claims is simply further evidence that these claims lacked foundation and were unreasonable.

Upon a finding by this Court that Defendants were the prevailing parties, the Defendants request that the Court provide the Defendants with an opportunity to submit the requisite fee application.

**POINT III**

**IF THE COURT SHOULD FIND THAT CONSTANCE HINES WAS A PREVAILING PARTY UNDER §1988, THEN THE PLAINTIFFS' REQUEST FOR ATTORNEY'S FEES SHOULD BE DENIED**

If the Court should find that Constance Hines was a prevailing party under §1988 then the Plaintiffs' outrageous request for attorney's fees should be denied to prevent significant injustice. Even when a court determines that a party is the prevailing party, the court is not required but "may" award reasonable attorney's fees. Hop Wah v. Coughlin, 1993 U.S. Dist. LEXIS 5443, 3 (N.D.N.Y Apr. 23, 1993), JWJ Indus. v. Oswego County, 2013 U.S. Dist. LEXIS 29594 (N.D.N.Y Mar. 4, 2013). A "plaintiff who has prevailed in the litigation has established only his eligibility for, not his entitlement to, an award of fees." JWJ Indus. v. Oswego County, 2013 U.S. Dist. LEXIS 29594, 4 (N.D.N.Y Mar. 4, 2013). The United States Supreme Court held in Farrar v. Hobby, that in a civil rights suit for damages, the awarding of nominal damages highlights the plaintiff's failure to prove a compensable and actual injury." Farrar v. Hobby, 506 U.S. 103, 115 (1992) quoting Carey v. Piphus, 435 U.S. 247, 254-264 (1978).

The Farrar Court further held that, when the relief sought by the plaintiffs was immense when compared to the amount recovered, attorney's fees should be denied. Farrar v. Hobby, 506 U.S. 103, 122 (1992). Furthermore, when the court compares the amount of relief that is granted with the amount of relief that is

sought and determines that a victory is a pyrrhic, it has been held that "the only reasonable fee is no fee at all." Hop Wah v. Coughlin, 1993 U.S. Dist. LEXIS 5443, 5-6 (N.D.N.Y Apr. 23, 1993). Here, the Plaintiffs sought $750,000.00, which is immense when compared to the nominal stipulated amount of $10,000.00 that they recovered. (R. 35; R. 228)

The Plaintiffs brought the excessive number of ninety-one (91) separate claims alleging violations of their Fourth Amendment, Fifth Amendment, and Fourteenth Amendment rights, but only succeeded on one (1) insignificant and discreet issue of law. (R. 35; R. 55)  All of the claims brought by the Plaintiffs were either dismissed or discontinued with prejudice, except for this very minor and trivial issue of law. (R. 55; R. 92)  If the Court determines that the Plaintiffs are the prevailing party, attorney's fees should not be awarded because the negligible "victory" they obtained was pyrrhic.

## POINT IV

**IF THE COURT DECIDES TO AWARD THE PLAINTIFFS ATTORNEY'S FEES, THE AMOUNT REQUESTED SHOULD BE GREATLY DIMINISHED IN ORDER TO PREVENT SIGNIFICANT INJUSTICE**

The most significant factor in determining the reasonableness of an attorney's fees award is the degree of success that is obtained by the Plaintiff. Farrar v. Hobby, 506 U.S. 103, 114 (1992).  The Second Circuit has held that, "the quantity and quality of relief obtained, as compared to what the plaintiff sought to

13

achieve as evidenced in her complaint, are key factors in determining the degree of success achieved." Robinson v. City of New York, 2009 U.S. Dist. LEXIS 89981 (S.D.N.Y. Sept. 29, 2009) *quoting* Barfield v. N.Y. City Health and Hosps. Corp., 537 F.3d 132, 152 (2d Cir. 2008).

The Plaintiffs in this case were not successful on ninety (90) of the ninety-one (91) separate and distinct claims that they brought against the Defendants. (R. 55) The Plaintiffs' claims regarding the liability of Officer Monte, Officer Martin, and Officer Plante, based on the failure to direct Officer Mulligan and Officer T. Haggerty to release the Plaintiffs, were dismissed. (R. 55) The Plaintiffs' claims against Albany Chief of Police James Tuffey, Officer Roberts and Officer Quinn were also dismissed, as there was a lack of evidence that demonstrated their involvement with the Plaintiffs' detention. (R. 55) Additionally, Plaintiffs' claim against the City of Albany for failure to train its officers regarding the procedures for securing the occupants of a home pending the application of a search warrant was dismissed. (R. 55) In fact, Defendants prevailed on ninety (90) out of ninety-one (91) claims brought by the Plaintiffs by either getting the claims dismissed or subsequently discontinued. (R. 55; R. 92)

When a court is "calculating the total number of reasonable hours eligible for attorney's fees, courts should subtract any 'hours dedicated to severable unsuccessful claims.'" Tatum v. City of New York, 2010 U.S. Dist. LEXIS 7748

(S.D.N.Y. Jan. 28, 2010) *quoting* Quaratino v. Tiffany & Co., 166 F.3d 422, 425 (2d Cir. N.Y. 1999).  Plaintiffs are not entitled to attorney's fees for time spent on unsuccessful claims, except to the extent that the failed claims were "intertwined" with the successful claims. Grochowski v. Ajet Constr. Corp., 2002 U.S. Dist. LEXIS 5031 (S.D.N.Y. Mar. 27, 2002) citing LeBlanc-Sternberg v. Fletcher, 143 F.3d 748, 761-62 (2d Cir. 1998). "Where one lawsuit presents different claims for relief or claims against multiple parties, if recovery occurs on less than all claims the reviewing court must determine which claim or claims make plaintiff a prevailing party." Clute v. Schmidt, 1991 U.S. Dist. LEXIS 21641, 11 (N.D.N.Y June 14, 1991). Additionally, in a suit where different claims for relief are based on different legal theories, but are brought against the same defendants (including an institution and its officers), "counsel's work on one claim will be unrelated to his work on another claim." Id. Furthermore, any time spent or work completed on an unsuccessful claim will not be considered to have been done in pursuit of any success that was obtained on another claim. Id.

The record is clear that the Plaintiffs were unsuccessful on all but one (1) discreet issue of law and therefore, the hours spent on the ninety (90) unsuccessful claims should be excluded in considering the amount of a reasonable fee. Specifically, Defendants contend that the time the Plaintiffs spent litigating claims that were either dismissed or discontinued with prejudice should be excluded.

Based on the court's holding in <u>Clute</u>, all of the time expended on the unsuccessful claims that were dismissed or voluntarily discontinued should not be considered to have been done in pursuit of the Plaintiffs one (1) claim that survived the Motion for Summary Judgment and voluntary discontinuance. The Defendants respectfully submit that the Court should find that the time expended by the Plaintiffs on the one (1) discreet claim that survived the Motion for Summary Judgment and discontinuance was minimal as it only constituted a very small, discreet issue of law, which required absolutely no discovery in this case. In fact, this one discreet issue involved a question of law and did not present any questions of fact. (R. 208) This issue could have been decided by motion at the outset of the litigation or, in the alternative, in the more expeditious form of an Article 78 petition.

It would be unjust for the Plaintiffs' request for attorney's fees to not be greatly diminished because the majority of discovery that was conducted in this case regarded the ninety (90) claims that were ultimately dismissed by the Court or voluntarily discontinued by the Plaintiffs, that arose out of the Plaintiffs' detention, the length of time in which they were held, and their accusations of excessive force. The sole claim that Constance Hines succeeded on, was an issue of law, not fact. Because this remaining issue was an issue of fact, this claim could have been made at the outset of the case and decided by the Court after the filing of the Complaint.

16

## POINT V

**WORK PERFORMED BY THE PLAINTIFFS WAS DUPLICATIVE**

An analysis of the Plaintiffs' time records indicates that the Plaintiffs charged for numerous attorneys to complete the same work. (R. 214; R. 145; R. 155; R. 160; R. 165; R. 185)  It has been held that a court must "balance promoting the use of 'billing judgment'… with the practice of allowing two (or more) attorneys work on one matter." <u>Jimico Enterprises, Inc., and Brownson Enterprises, Inc., v. Lehigh Gas Corporation</u>, 2011 U.S. Dist. LEXIS 112514, 33 (N.D.N.Y. Sep. 30, 2011) quoting <u>Kauffman v. Maxim Healthcare Servs.</u>, 2008 U.S. Dist. LEXIS 77855 (E.D.N.Y. Sept. 9, 2008). It can be assumed that a paying client would not want to pay for duplicate work or for the extreme expenses associated with having three attorneys work on the same matter.

Because CES had more than one attorney working on the case, there were many instances in which double billing occurred and where large expenses were incurred due to inter-office meetings between attorneys at CES and Attorney Marcelle. (R. 214; R. 145; R. 155; R. 160; R. 165; R. 185) Plaintiffs argue that associate counsel was utilized as often as possible to reduce the amount of fees and to keep billing rates at a minimum, but their time records show that associate attorneys were often working simultaneously with Attorney Phillip Steck. (R. 19; R. 145; R. 155; R. 160; R. 165; R. 185) The Defendants acknowledge that there is

17

no fault in delegating various tasks to associate attorneys, but the use of a second attorney can be deemed unwarranted in certain situations. Here, it appears as if the Plaintiffs' attorneys at CES often overstaffed the litigation. There were many instances indicated in Plaintiffs' own time records in which Attorney Phillip Steck and his associate attorneys would both charge for inter-office meetings that occurred between them. (R. 145-165; R. 214-216) Defendants' Attorney, Stephen J. Rehfuss' Affirmation, submitted in opposition to the petition for attorney's fees, describes the most significant and demonstrative examples of the unreasonable overbilling that occurred in this case.

In addition, the Court has deemed it excessive for two attorneys to bill for the same work, "where plaintiff's attorneys were both, by their own description highly experienced litigators and able to handle discrete elements of the case with large degree of autonomy." Id. There were many instances in which Attorney Marcelle and Attorneys from CES billed for the same meetings. (R. 145; R. 155; R. 160; R. 165; R. 185; R. 214-216) For meetings that occurred between 2008 to the present, in which Attorney Marcelle, Attorney Phillip Steck and Attorney Kimberly G. Finnigan were all in attendance, the fees for the meetings amounted to a minimum of $775.00 per hour and, at times, reached a maximum of $850.00 per hour. (R. 145; R. 155; R. 185; R. 214-216) It should be recognized that a

reasonable paying client would most likely not be willing to pay for such immense charges.

Furthermore, on numerous occasions, the Plaintiffs billed for more than one attorney preparing for and being present at an examination before trial. (R. 145-150; R. 155-159; R. 176; R. 190-191) Both Attorney Marcelle and Attorney Kimberly Finnigan from CES were present for the depositions of Officer John Monte, Officer Brian D. Quinn, Officer Brian C. Plante and Officer Kenneth F. Sesock. (R. 157-190; R. 216-217) Because both attorneys billed for the time that they prepared for and were present at these depositions, the amount requested by the Plaintiffs should be greatly reduced. Defendants' Attorney Affirmation highlights the specifics relating to the duplicate charges and the over billing that incurred involving the depositions. (R. 205)

## POINT VI

### PLAINTIFFS' BILLING RECORDS ARE INACCURATE AND INDECIPHERABLE

The time records of the Plaintiffs demonstrate that they have failed to keep decipherable, accurate time records of the work that they completed. In order for a Court to determine whether the time expended was reasonable, the Court must examine contemporaneous time records "for each attorney, the date, the hours expended, and the nature of the work done." Electronic Creations Corp v. Gigahertz, Inc., 2013 U.S. Dist. LEXIS 88805, 21 (N.D.N.Y. June 25, 2013) citing

19

New York State Assn' for Retarded Children, Inc. v. Carey, 711 F.2d 1136, 1148 (2d Cir. 1983). In addition, the United States Court of Appeals for the Second Circuit announced that "any attorney who hopes to obtain an allowance from the Court should keep accurate and current records of work done and time spent." In re Hudson & Manhattan Railroad Co., 339 F.2d 114, 115 (2d Cir. 1964). Lack of specificity in the hours billed by an attorney can obscure the reasonableness determination regarding hours expended by counsel. JWJ Indus. v. Oswego County, 2013 U.S. Dist. LEXIS 29594, 10 (N.D.N.Y Mar. 4, 2013).

Specifically, the time records maintained by Attorney Marcelle pertaining to the appeal in this matter are indecipherable and cryptic at best. (R. 185-192) Attorney Marcelle very briefly describes the time that he spent on the Appeal in the Second Circuit by only stating that he spent 80.5 hours on "RDE Brief". (R. 192) When compared to Attorney Marcelle's more detailed time records relating to his trial court work, it can be assumed that Attorney Marcelle estimated the work that he completed for the Second Circuit appeal. (R. 185-192) Attorney Marcelle does not describe the specifics of the work that he completed for the Second Circuit Appeal or even the exact day in which the work was completed. (R. 192) The time records for the appeal were kept on a weekly basis, were very vague and lacked specificity. (R. 192) These records provide absolutely no basis from which

this Court can make a reasonable determination as to the work performed or time spent on the appellate phase of this case.

Recently, a motion for attorney's fees was denied and found to be fatally deficient because contemporaneous records were not submitted at the time that the motion was filed. United States ex rel. Karlin v. Noble Jewelry Holdings Ltd., 2012 U.S. Dist. LEXIS 51675, 12 (S.D.N.Y. Apr. 9, 2012). It was held that, it is improper for a court to consider time records, submitted for the first time in reply, because it denies the defendants the opportunity to make an informed response to the plaintiffs, which is fundamentally unfair. Id. at 13-14.

Attorney Kimberly Finnigan's time records are indecipherable and inaccurate as well because they include an extensive list of the many tasks that she completed on a particular day. (R. 155) Attorney Finnigan's timesheets do not specify the amount of time that was spent on each task. (R. 155) This lack of specificity in the time spent makes it nearly impossible for the Court to come to an accurate determination as to whether the time spent on each task was reasonable.

## CONCLUSION

In view of the foregoing points of law, together with the undisputed facts, it is respectfully submitted that the Plaintiffs-Appellees' Motion for Attorney's Fees be denied and the Defendants-Appellants be found the prevailing party in this action. In the alternative, it is respectfully requested that the amount of fees

requested be greatly reduced to prevent significant injustice and the rate requested by the Plaintiffs-Appellees be reduced to comply with the prevailing rates in the Northern District of New York and case specific variables. The requested fees that were either duplicate charges, inaccurate, or indecipherable should be denied, together with such other and further relief as this Court deems just and proper.

DATED:     October 22, 2014

                         s/Stephen J. Rehfuss, Esq.
                         STEPHEN J. REHFUSS, ESQ.
                         NDNY Bar Roll No.: 102421
                         Rehfuss, Liguori & Associates, P.C.
                         Attorneys for Defendants-Appellants
                         *The City of Albany, Albany Chief of Police*
                         *James W. Tuffey, and Albany Police Officers*
                         *Brian Quinn, Jeff Roberts and Michael*
                         *Haggerty*
                         Office and Post Office Address
                         40 British American Boulevard
                         Latham, New York 12110
                         (518) 713-2144

TO:    Thomas Marcelle, Esq.
*Attorney for Plaintiffs-Appellees*
Albany County Attorney's Office
112 State Street, Suite 1010
Albany, New York 12207
(518) 447-7110

-and-

Phillip G. Steck, Esq.
COOPER ERVING & SAVAGE LLP
*Attorney for Plaintiffs-Appellees*
39 North Pearl Street
Albany, New York 12207
(518) 449-3900